IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE LEONARDO ACOSTA, | : |
|     Petitioner, | :    CRIMINAL NO. 05-22-2 |
| v. | : |
| | :    CIVIL NO. 07-2253 |
| UNITED STATES OF AMERICA, | : |
|     Respondent. | : |

MEMORANDUM ORDER

Tucker, J.                                                                                                                                                                                                              December 17, 2008

        Presently before this Court is Petitioner's Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 66), and the Government's Memorandum in Opposition (Doc. 68). For the reasons below, this Court will deny Petitioner's Motion in part and dismiss Petitioner's Motion in part.

BACKGROUND

        On June 29, 2005, Petitioner Jorge Leonardo Acosta pled guilty to a two-count indictment charging him with possession with intent to distribute more than five kilograms of cocaine, and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. These violations all arise from his participation in a scheme with co-defendant Mark McNeil to deliver almost seven kilograms of cocaine on December 10, 2004, to a person who, unknown to Petitioner and his co-defendant, was cooperating with law enforcement. In furtherance of this scheme, Petitioner drove to Maryland to retrieve the cocaine, bringing a seventeen (17) year-old juvenile with him. Once Petitioner obtained the cocaine, he gave it to the juvenile, directing him to place it in the car. Petitioner and the juvenile then drove to Delaware and met co-defendant, at which point the three proceeded to Pennsylvania where they delivered the cocaine to the cooperator. Petitioner pled guilty to this offense, and entered his guilty plea pursuant to a written, signed guilty plea agreement.

Prior to sentencing, the Probation Office issued a Presentence Investigation Report ("PSR"). Consistent with the parties' stipulations in the plea agreement, the Probation Office calculated the guideline range as follows: Pursuant to U.S.S.G. § 2D1.1(c)(4), the base offense level for Acosta's crime was thirty-two (32) (for offenses involving at least 5 kilograms but less than 15 kilograms of cocaine). Two levels were subtracted pursuant to § 2d1.1(b)(7), because Acosta met the "safety valve" provisions of U.S.S.G. § 5C1.2(a)(1) through (5). Two levels were added pursuant to § 3B1.4 because Acosta used a minor to commit this crime. Finally, pursuant to U.S.S.G. § 3E1.1(a), the offense level was reduced two levels, and pursuant to § 3E1.1(b), the offense level was reduced one additional level, for acceptance of responsibility and timely notification to the government. As a result, the total offense level was twenty-nine (29). PSR, ¶¶ 17-29. Acosta had one prior conviction for driving while impaired, for which he was sentenced to thirty (30) days imprisonment. PSR, ¶¶ 27-31. With an offense level of twenty-nine (29) and a criminal history category of one (I), the final guideline range was eighty-seven (87) to one hundred eight (108) months. PSR, ¶ 51.

At sentencing, this Court accepted the findings in the PSR. Although there was a statutory mandatory minimum sentence of one hundred twenty (120) months, this Court found that the Safety Valve provisions of 18 U.S.C. § 3553(f) applied, and sentenced below the mandatory minimum. Petitioner received a sentence of ninety (90) months, five (5) years supervised release, $2,000 fine, and a $200 special assessment.

Petitioner then filed a notice of appeal to the United States Court of Appeals for the Third Circuit. However, the Government filed a motion to dismiss the appeal, as Petitioner's guilty plea agreement included a specific appellate waiver. On December 4, 2006, the Court of Appeals granted the Government's motion.

Petitioner filed this pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 on June 4, 2006.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of the Court, who believes that the sentence was imposed in violation of the constitution or laws of the United States, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside, or correct the sentence. Relief for a habeas corpus petition is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.

## DISCUSSION

In his § 2255 motion, Petitioner raises the following claims: 1) ineffective assistance of counsel in violation of the Sixth Amendment; and 2) violation of the Equal Protection Clause of the Fourteenth Amendment. This Court will deny Petitioner's motion for habeas relief in part and dismiss in part because Petitioner's claims fail to entitle him to the relief sought. The Court will address each argument in turn.

    **A.    Ground One - Ineffective Assistance of Counsel**

Petitioner alleges that counsel was ineffective for three reasons. First, Petitioner argues that counsel failed to properly object to the two level sentencing enhancement pursuant to U.S.S.G. § 3B1.4, using a minor to commit a crime. Second, Petitioner asserts that counsel incorrectly represented Petitioner's stipulation concerning the participation of a minor during the plea hearing. Finally, Petitioner claims that counsel was ineffective for failing to inform him that the Court of Appeals granted the Government's motion to dismiss his appeal pursuant to the plea agreement which included a specific appellate waiver.

In response, the Government makes two arguments. The Governments asserts that this Court should enforce the appellate waiver in the guilty plea agreement as there has been no miscarriage of justice that would invalidate the waiver. See United States v. Khattak, 273 F.3d 557 (3d Cir. 2001) (holding that waivers of appeal must be strictly construed, but are valid so long as entered into knowingly and voluntarily). Next, the Government argues that even the Court does not enforce the waiver, Petitioner's claim still fails to satisfy the test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to demonstrate ineffective assistance of counsel. This Court agrees.

While the Court in Khattak did not provide a definitive list of situations which qualify as a miscarriage of justice, it suggested that only extraordinary situations would suffice. It further explained that a reviewing court should evaluate appellate waivers on a case-by-case basis, consider the error claimed, and the gravity of the error. The court should then consider the impact of the error on the defendant, the impact on the government, and the degree to which the defendant acquiesced in the result. Id. at 563.

Here, there is no evidence of any miscarriage of justice. Petitioner claims in his Reply (Doc. 70) that he was not provided sufficient opportunity to review and discuss the plea agreement, and that the sentencing enhancement was incorrect because he was not actively involved with the minor during the crime. However, both of these claims are incorrect. During the sentencing, the Court fully explained the plea agreement, and the reasons behind the sentencing enhancement, namely the participation of a minor, to which Petitioner responded that he understood. Further, when the Government recited these same facts in a summarization, Petitioner had no objections. Petitioner attempts to distinguish his contact with the minor from that described in the statute, claiming that he did not direct or encourage the minor as the statute requires to justify sentence enhancement. This is simply false. Petitioner admits in his own reply that he gave the minor the drugs and told, or in other

words, directed, the minor to put the drugs in the car. The conduct is clearly the kind contemplated by the statute, and falls directly within the activity described therein. Moreover, a failure to notify Petitioner of the Court of Appeals' ruling amounts to no miscarriage of justice, particularly since Petitioner did ultimately receive notification and filed this § 2255 motion. These being Petitioner's only claims, Petitioner has failed to demonstrate that any miscarriage of justice has occurred. Consequently, this Court will enforce the appellate waiver included in the guilty plea agreement.

Moreover, the Government correctly states that even if the waiver were not enforced, Petitioner has failed to satisfy the test set forth in Strickland to prove ineffective assistance of counsel. In Strickland, the Supreme Court of the United States established that in order for a defendant to prove ineffective assistane of counsel, he must satisfy a two (2) part test. 466 U.S. at 687. First, the defendant must demonstrate that his counsel's performance was deficient such that the attorney was not functioning as required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defendant such that the defendant was deprived of a fair trial. Id. To prove prejudice, the defendant must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 692. The Petitioner bears the heavy burden of overcoming the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, the United States Court of Appeals for the Third Circuit has stressed that the second part of the Strickland test should be evaluated first. See McAleese v. Mazurkiewicz, 1 F.3d 159 (3d Cir. 1993); United States v. Fulford, 825 F.2d 3 (3d Cir. 1987); McNeil v. Cuyler, 782 F.2d 443 (3d Cir. 1986).

Evaluating the second part of the Strickland test first as urged by the Court of Appeals, Petitioner has clearly failed to establish that any aspect of counsel's performance served to prejudice him. As discussed above, all evidence indicates that Petitioner's plea was voluntarily and intelligently

entered into. This Court is satisfied that counsel performed as required by the Sixth Amendment, and that Petitioner voluntarily and knowingly entered his guilty plea. Therefore, Petitioner has failed to fulfill the test to establish ineffective assistance of counsel, and as such, this claim will not provide Petitioner with habeas relief.

### B. Ground Two - Violation of the Equal Protection Clause of the Fourteenth Amendment

Petitioner contends that he is improperly incarcerated at Moshannon Valley Correctional Center, a private facility which contains only illegal and deportable aliens, and lacks programs that would make him eligible for early release or a halfway house. However, the Government asserts, and this Court agrees, that Petitioner's challenge is to the place of incarceration, and therefore should be addressed in a habeas motion pursuant to 28 U.S.C. § 2241, not § 2255. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (finding that § 2255 is limited to challenges to the validity of a sentence while § 2241 is the only statute which confers habeas jurisdiction to "hear the petition of a federal prisoner who challenging not the validity but the execution of his sentence").

In addition, § 2241(d) provides that such habeas motions must be heard in the district where the prisoner is incarcerated. See United States v. Hayman, 342 U.S. 205, 213 (1952); See also United States v. Allen, 124 Fed. Appx. 719 (3d Cir. 2005). Petitioner is incarcerated at the Moshannon Valley Correctional Center in Philipsburg, PA, and accordingly his challenge to incarceration there must be brought in the Middle District of Pennsylvania. Therefore, this Court will dismiss this claim without prejudice, as it lacks jurisdiction to hear this particular claim.

Upon consideration of Petitioner's Motion, the Government's Response, and Petitioner's Reply thereto, this Court concludes that Petitioner's claims do not warrant an evidentiary hearing. Furthermore, as Petitioner has not made a substantial showing of the denial of any constitutional right

pursuant to 28 U.S.C. § 2253(c)(2) regarding ineffective assistance of counsel, no certificate of appealability shall be issued.  However, Petitioner may pursue a § 2241 motion challenging his incarceration at the Moshannon Valley Correctional Center before the proper court.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JORGE LEONARDO ACOSTA,** : | |
| Petitioner, : | **CRIMINAL NO. 05-22-2** |
| v. : | |
| : | **CIVIL NO. 07-2253** |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |

## ORDER

AND NOW, this ___ of December, 2008, upon consideration of Petitioner's Motion to Vacate/Set Aside/ Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 66), and the Government's Response thereto (Doc. 68), **IT IS HEREBY ORDERED AND DECREED** that Petitioner's Motion is **DENIED IN PART AND DISMISSED IN PART**.[1]

**IT IS FURTHER ORDERED** that the habeas petition is denied without an evidentiary hearing and that no certificate of appealability shall be issued.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mark the above-captioned case as **CLOSED** for statistical purposes.

BY THE COURT:
/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] Petitioner's Motion to Vacate/Set Aside/ Correct Sentence Pursuant to 28 U.S.C. § 2255 includes two claims, specifically ineffective assistance of counsel, and incarceration in an improper facility. This Court will deny Petitioner habeas relief under § 2255 with regard to his claim of ineffective assistance of counsel, as he has failed to satisfy the test to prove ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668 (1984). However, this Court will dismiss Petitioner's motion for habeas relief on the basis of improper incarceration without prejudice, as § 2255 addresses only the validity of sentences, and not their execution. Petitioner may raise his claim of improper incarceration through a § 2241 motion before the proper court.